# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

_____

Jack Broward Todd,
      Petitioner


      vs                         Case No. 1:04cv544
                                 (Beckwith, C.J.; Hogan, M.J.)


Jeffrey Wolfe,
      Respondent


_____

## ORDER

_____


      This habeas corpus action filed pro se pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motion to strike respondent's return of writ, which also contains a request for extension of time in which to file a "traverse" in response to the return of writ (Doc. 13); petitioner's motion for clarification, as amended (Docs. 14, 15); petitioner's second request for extension of time in which to file a "traverse" (Doc. 16); and petitioner's motion to expand the record (Doc. 22).

      Petitioner's pending requests for extensions of time in which to file a "traverse" in response to the return of writ (Docs. 13, 16) are DENIED as moot. After petitioner filed these initial requests for extensions of time, he filed a third such motion, which was granted on August 1, 2005. (*See* Docs. 18, 19). Petitioner ultimately filed his "traverse" brief on August 15, 2005, within the extended period of time allowed by the Court. (*See* Doc. 20).

      Petitioner's motion to strike respondent's return of writ (Doc. 13) is DENIED. As petitioner points out, in the return of writ (*see* Doc. 11), respondent discussed and

submitted exhibits referring to a criminal matter not challenged in the instant habeas corpus petition (i.e., Clermont County, Ohio, Court of Common Pleas Case No. 2002-CR-000524).[1]  However, in the return of writ, respondent also addressed and submitted exhibits applicable to the state criminal case under attack herein (i.e., Clermont County, Ohio, Court of Common Pleas Case No. 2002-CR-000570) . Although the return of writ may not be stricken from the record, it is noted that to the extent respondent has provided an answer responding to a criminal conviction not challenged in the instant petition, the Court will not consider that irrelevant portion of the return of writ in adjudicating petitioner's claims for relief.

Petitioner's motion  for clarification as amended (Docs. 14, 15) is GRANTED to the extent that the parties to this action are hereby notified that the Court will only adjudicate grounds for relief alleged by petitioner in the instant case challenging his criminal conviction in Clermont County Common Pleas Court Case No. 2002-CR-000570.  The Court will not consider any claims asserted by petitioner herein challenging his criminal conviction in Clermont County Common Pleas Court Case No. 2002-CR-000524.  Instead, to obtain redress from this Court based on any such claims, petitioner must assert them as grounds for relief in his separate habeas corpus petition currently pending before this Court in the case entitled *Jack Broward Todd v. Jeffrey Wolfe,* Case No. 1:05cv244 (Beckwith, C.J.; Black, M.J.).

In his motion to expand the record (Doc. 22), which has not been opposed by respondent, petitioner requests that respondent be required to expand the record by submitting the following additional state court records: (1) transcripts of municipal court hearings from August 14 through October 23, 2002; (2) the transcript of his arraignment before the Clermont County Common Pleas Court in Case No. 2002-CR-000524; (3) the transcript of his revocation of bond hearing on or about September 18, 2002; (4) the transcript of the "re-instatement of the signature bond" hearing on September 27, 2002; (5) the January 6, 2003  "change of plea hearing" transcript; (6) the transcript of an "in-chambers conference" held on January 31, 2003; (7) the "denial of the 'promised judicial release' hearing, on June 16th, 2004;" (8) the pre-sentence investigation report; and (9) petitioner's "conduct report" from Noble Correctional Institution.  Petitioner essentially contends that these additional exhibits are necessary to support his ineffective assistance of counsel claims.

---

[1]Petitioner recently filed a separate habeas corpus petition challenging that criminal conviction with this Court in the case entitled *Jack Broward Todd v. Jeffrey Wolfe,* Case No. 1:05cv244 (Beckwith, C.J.; Black, M.J.).

Petitioner's motion to expand the record (Doc. 22) is GRANTED in part and DENIED in part. Petitioner's motion is DENIED with respect to his requests for production of the pre-sentence report and prison "conduct report," which do not appear to have any relevance to the issues raised by petitioner in this case. Petitioner's motion is GRANTED with respect to his remaining requests for production to the extent the requested records exist and are in the State's possession. Respondent is hereby ORDERED to produce such records or submit a statement as to why he is unable to produce any of these records within twenty (20) days of the date of filing of this Order.

## IT IS THEREFORE ORDERED THAT:

1.   Petitioner's initial requests for extensions of time in which to file a "traverse" in response to the return of writ (Docs. 13, 16) are DENIED as moot.

2.   Petitioner's motion to strike respondent's return of writ (Doc. 13) is DENIED.

3.   Petitioner's motion for clarification as amended (Docs. 14, 15) is GRANTED to extent the parties are notified that the Court will adjudicate only those grounds for relief asserted by petitioner in the instant case challenging his criminal conviction in Clermont County, Ohio, Court of Common Pleas Case No. 2002-CR 000570.   Any grounds for relief challenging petitioner's criminal conviction in Clermont County, Ohio, Court of Common Pleas Case No. 2002-CR-00524 must be raised separately in the currently pending habeas corpus petition filed by petitioner with this Court in Case No. 1:05cv244 (Beckwith, C.J.; Black, M.J.).

4.   Petitioner's motion to expand the record (Doc. 22) is DENIED with respect to petitioner's request to expand the record to include his pre-sentence report and prison conduct report. Petitioner's motion (Doc. 22) is GRANTED with respect to his remaining requests for production by the State.   Respondent is hereby ORDERED to produce the records requested by petitioner as allowed herein, or submit a statement

3

as to why he is unable to produce any such records, within twenty (20) days of the date of filing of this Order.


Date:  9/2/2005          s/Timothy S. Hogan
          cbc                            Timothy S. Hogan
                                         United States Magistrate Judge

J:\BRYANCC\2005 habeas orders\04-544order.mtns.wpd

4